# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL OAKES § | | |
| *Plaintiff* § | | |
| § | | |
| v. § | | |
| § | | Case Number: |
| JUST ONE DIME COACHING, LLC, d/b/a § | | |
| DONE FOR YOU BY JUST ONE DIME, d/b/a § | | 1:22-CV-01045-LY |
| VERITUS A SERIES OF EMBUE, LLC; § | | |
| DANILO VARRIALE; and TRAVIS S. KNIEP § | | |
| *Defendants* § | | |

## PLAINTIFF OAKES' APPLICATION FOR INJUNCTIVE RELIEF

Plaintiff, Michael Oakes ("Plaintiff" or "Mr. Oakes"), by and through his undersigned counsel, files this Application for Injunctive Relief, requesting that the Court grant a temporary restraining order without notice against Defendants, and after due proceedings are held, grant a temporary injunction and a permanent injunction.

### I.   SUMMARY

On October 28, 2022, Defendant Travis Kniep will be shutting down his "Done For You" investment program. He claims to have laid off his entire staff, and further claims to be insolvent. Many individuals who invested retirement funds

and other monies in the program, such as Plaintiff Oakes, never received what they were told they would get, although the one thing they are now being told they <u>will</u> get is <u>no refunds</u>. And they are being told this by a man who has openly bragged about the wealth he personally has acquired from the "Done For You" program, how he has used that wealth to invest in real estate, and how he plans to avoid paying taxes on that wealth.

## II.   BACKGROUND FACTS

1. Plaintiff in this matter is Michael Oakes. Defendants are Just One Dime Coaching, LLC, d/b/a Done for You By Just One Dime, d/b/a Veritus a Series of Embue, LLC; and Travis S. "Seth" Kniep (collectively "TRO Defendants").[1]

2. Mr. Oakes sued Defendants for breach of contract, failure to register securities under The Securities Act of 1933 and the Texas Securities Act, Violations of the Texas Deceptive Trade Practices – Consumer Protection Act, and the equitable theory of unjust enrichment. A copy of the Original Complaint (filed 10/14/22) is attached hereto as Exhibit 1.

3. Defendants solicited an investment from Mr. Oakes with the promise that they would set up and run a lucrative investment in a "Done For You" Amazon storefront for him. The investment Defendants offered constituted an

---

[1] Note: Defendant Varriale is not included in this Application.

illegal sale of securities. After two years of delays in service by Defendants and failing sales, Defendants have announced they are ending their contract with Mr. Oakes and hundreds of similarly situated investors, and that refunds of their investments will not be forthcoming.[2] Meanwhile, Mr. Oakes' out-of-pocket losses alone are over $150,000.

4. Defendants have informed Mr. Oakes and other similarly situated investors that JOD has laid off its employees and it is essentially insolvent.[3] Defendants have also announced the discontinuation of the "Done for You" program as of October 28, 2022.[4]

5. In addition, as is discussed below, Defendant Kniep has gotten quite wealthy by taking the money of folks like Mr. Oakes <u>and</u> by hiding his income/assets, which he has been quite forthcoming about doing, even going so far as to tell everyone exactly <u>how</u> he is doing it.

6. Affidavits supporting the allegations in this application for injunctive relief are attached and incorporated by reference.[5]

---

[2] *See* Exhibit 2, October 14, 2022 e-mail from Travis "Seth" Kniep to Michael Oakes, which includes a link to video recording of October 13, 2022 investors' meeting during which Travis S. Kniep announced to JOD investors that the "Done for You" program is ending.
[3] *Id*.
[4] *Id*.
[5] *See* Exhibit 3, Affidavit of Michael Oakes; Exhibit 4, Affidavit of John Lorio; and Exhibit 5, Affidavit of Rain Minns Udall.

## III. REQUEST FOR TEMPORARY RESTRAINING ORDER WITHOUT NOTICE

7. Mr. Oakes requests that the Court enter a temporary restraining order without notice to TRO Defendants because Mr. Oakes will likely suffer imminent and irreparable harm if TRO Defendants are not immediately enjoined from secreting, moving, or otherwise alienating substantial funds and assets or incurring new debt, as TRO Defendants already have numerous potential creditors, and they would not pay a monetary judgment awarded by the Court in this lawsuit if allowed to hide or alienate their assets. Mr. Oakes avers there is no less drastic way to protect his interests.

8. There is no adequate remedy at law unless a temporary restraining order issues, because Mr. Oakes would be unable to collect on a monetary judgment should TRO Defendants have an opportunity to hide their assets. Defendants' improper behavior (as outlined in the attached Original Complaint) has placed Mr. Oakes in financial distress, and it is essential that he be given the opportunity to collect the funds TRO Defendants wrongfully caused him to lose. An uncollectable judgment is just a meaningless piece of paper.

9. Defendant Kniep has publicly spoken about the tax benefits of operating shell companies.[6] He has also recently discussed publicly the fact that he and/or

---

[6] *See* Exhibit 4b, JOD video "Amazon Automation FBA business run for you!" dated July 31, 2020, at 37:20 – 38:35.

his wife and children own numerous investment properties in Austin, Texas; Breckenridge, Colorado; Miami, Florida; Gatlinburg, Tennessee; Guatemala, and Mexico.[7] It is clear that Defendant Kniep – and by extension the TRO Defendant companies – have the ability and the will to hide the income they have accrued from JOD investors in such investments, and possibly to transfer JOD funds to third parties to protect them from lawsuits.

10. Defendant Kniep's adult son, Josiah, is listed with the Texas Secretary of State as the CEO of Just One Dime. Mr. Kniep's 18-year-old daughter, Atalie, is employed by JOD. Mr. Kniep's children, along with his wife, Kimberly, own multiple properties.[8] Property records show that numerous properties are registered to Josiah Kniep and to business entities owned by Travis Kniep.[9] It is highly likely that some JOD funds have been used to purchase some of these properties.

11. There is a substantial likelihood that Plaintiff Oakes will prevail on the merits, because TRO Defendants' actions as described herein clearly exhibit breach of their contract with Plaintiff Oakes as well as fraud and violations of securities law.

---

[7] *See* Exhibit 4a, JOD video "Tax-Free Wealth w/ Tom Wheelwright CPA (WealthAbility)," dated July 26, 2021, at 33:00-33:45.
[8] *See* Exhibit 4, Affidavit of John Lorio.
[9] *Id.*

12. The potential harm to Mr. Oakes outweighs the harm that a temporary restraining order would inflict on Defendants.

13. Issuance of a temporary restraining order would not adversely affect the public interest and public policy. On the contrary, it would protect the rights of Mr. Oakes and other members of the public who have been and may potentially be defrauded by TRO Defendants and others like them.

14. Mr. Oakes is willing to post a bond in the amount the Court deems appropriate, but requests that the amount be nominal (Mr. Oakes suggests $100), considering that the improper and irresponsible behavior of TRO Defendants as described in this Complaint has placed Mr. Oakes in financial straits.

15. Considering the professed financial state of JOD and for the reasons outlined above, Plaintiff Oakes asks the Court to issue a temporary restraining order without notice, ordering TRO Defendants to refrain from alienating or hiding personal or company assets and from incurring substantial new debt until further orders of the Court.

## IV. REQUEST FOR TEMPORARY INJUNCTION

16. Plaintiff Oakes incorporates the preceding paragraphs as if repeated fully herein.

17. Plaintiff Oakes asks that the Court set his application for temporary injunction for hearing at the earliest possible time and, after the hearing, issue a temporary injunction against TRO Defendants.

18. Plaintiff Oakes asks the Court to set its request for permanent injunction for a full trial on the merits and, after the trial, issue a permanent injunction against TRO Defendants.

## V. CONCLUSION

19. The relief sought by Plaintiff Oakes has the function of temporarily maintaining the status quo by prohibiting TRO Defendants from alienating or hiding assets so as to render any money judgment issued by this Court uncollectible.

20. Based on the foregoing, Plaintiff asks that the Court order the following:

- That TRO Defendants, their officers, agents, servants, employees, and attorneys, and all persons acting in concert with them are restrained and enjoined from destroying, removing, mutilating, altering, concealing, or disposing of any of their books and records or any documents or online postings relating to the matters set forth in the Plaintiff's Original Complaint; and

- That TRO Defendants, their officers, agents, servants, employees, and attorneys, and all persons acting in concert with them are restrained from making any payment or expenditure of funds outside of the ordinary and regular course of business day-to-day operations (including charges on any credit card or draws on any other credit arrangement) pending a showing to this Court that they have sufficient funds or assets to satisfy all claims arising from the violations alleged in the Complaint; and

- That any bank, trust company, broker-dealer or other depository institution holding accounts for or on behalf of TRO Defendants make no transactions in securities (excepting liquidating transactions necessary as to wasting assets) and no disbursements of funds or securities (including extensions of credit, or advances on existing lines of credit), including the honoring of any negotiable instrument (including specifically, any check, draft, or cashier's check) purchased by or for the TRO Defendants, pending further order of this Court; and

- That TRO Defendants refrain from making any purchases or sales of immovable property until further order of this Court.

Respectfully submitted on this __24th__ day of October, 2022.

/s/ Rain Levy Minns Udall
Rain Levy Minns Udall
State Bar No. 24034581
Minns Law Firm, P.C.
d/b/a Rain Minns Law Firm
4412 Spicewood Springs Rd., Suite 500
Austin, Texas 78759-8583
Tel.: 512-372-3222
Fax: 512-861-2403
rain@rainminnslaw.com

ATTORNEY IN CHARGE FOR
PLAINTIFF MICHAEL OAKES