UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL OAKES<br>*Plaintiff*<br><br>v.<br><br>JUST ONE DIME, LLC; JUST ONE DIME COACHING, LLC d/b/a DONE FOR YOU BY JUST ONE DIME; VERITUS TEXAS ONE, LLC, f/k/a VERITUS A SERIES OF EMBUE, LLC; ACTONICUS TEXAS ONE, LLC, f/k/a ACTONICUS A SERIES OF EMBUE, LLC; JOSIAH KNIEP; KIMBERLY KNIEP; DANILO VARRIALE; and TRAVIS S. KNIEP,<br>*Defendants* | § § § § § § § § § § § § § § § § § § | CIVIL ACTION 1:22-cv-01045-LY |

**DEFENDANT DANILO VARRIALE'S
MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Danilo Varriale ("Varriale") pursuant to Federal Rules of Civil Procedure 12(b)(2), hereby respectfully requests that this Court enter an order dismissing him from the case. In the alternative, pursuant to Federal Rule of Civil Procedure 12(e), Defendants respectfully request that the Court enter an Order requiring Plaintiff to more specifically plead the jurisdictional allegations against him.

1. In his Amended Complaint (Doc. 9), Plaintiff asserts that he is a resident of Oregon (Doc. 9 ¶1), and that Varriale is a resident of Florida (Doc. 9, ¶9).

2. Plaintiff alleges jurisdiction exists over Varriale because he worked full-time for the corporate defendants (Doc. 9, ¶14), and because of Varriale's general and specific contacts with

Texas (Doc.9, ¶15). In this motion to dismiss, Varriale asserts he is not an employee of any defendant and that his contacts with the State of Texas are insufficient for the Court to exercise personal jurisdiction over him, general or personal.

3. Varriale's Declaration is attached as Exhibit 1 in support of this motion. Varriale is a resident of Florida (Ex. 1, ¶1), has never been a resident of Texas, and has only visited Texas once, for two days, during which time no did not conduct any business (Ex. 1, ¶2). Varriale never met with Plaintiff in Texas or performed any work in Texas for Plaintiff (Ex. 1, ¶5)

4. Varriale has not been an employee of any of the corporate or individual defendants in this case, nor been a partner or joint venturer of any of the defendants (Ex. 1, ¶3). A Florida-based company of which he is President, Beardman Company Corp. was an independent contractor of two of the corporate defendants, but Beardman is not a defendant in this case.

5. This Court lacks personal jurisdiction over Varriale. Federal Rule of Civil Procedure 12(b)(2) permits a defendant to move for dismissal of the plaintiff's case for lack of personal jurisdiction. When a nonresident defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff has the burden to prove the existence of personal jurisdiction over the defendant. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). Plaintiff must prove that Varriale purposefully established certain "minimum contacts" with Texas such that assertion of personal jurisdiction would not "offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 326 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

6. A defendant's contacts with the forum state may give rise to general or specific jurisdiction. Specific jurisdiction exists "when a non-resident defendant 'has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or

relate to those activities.' " *Halliburton Energy Services, Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 539 (5th Cir. 2019) (quoting *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001)). The Fifth Circuit has articulated a three-step analysis for the specific jurisdiction inquiry:

> 1. whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there;
>
> 2. whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and
>
> 3. whether the exercise of personal jurisdiction is fair and reasonable.

*Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019) (citation omitted).

7. For there to be minimum contacts to confer specific jurisdiction, "a defendant must have 'purposefully availed himself of the benefits and protections of the forum state' 'such that he should reasonably anticipate being haled into court there.'" *Id.* (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985)). This "requirement is the 'constitutional touchstone' of personal jurisdiction," and "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Id.* (quoting *Burger King*, 471 U.S. at 474).

8. Here, Varriale's Declaration establishes that he has not directed his activities toward Texas or purposely availed himself of the privilege of conducting activities here. He was never an employee, owner or partner of any of the other defendants in this case, never in Texas during his communications with Plaintiff (himself a non-resident) and never performed any work for Plaintiff in Texas. Varriale's Declaration directly rebuts the allegations in Plaintiff's Amended Complaint that he was an employee of the other defendants. Allegations in plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits. *Int'l Truck & Engine*

*Corp. v. Quintana*, 259 F. Supp. 2d 553, 557 (N.D. Tex. 2003). Plaintiff provides no other basis for specific jurisdiction besides the allegation Varriale was an employee. There is no allegation that of any specific act conducted by Varriale in Texas that would support specific jurisdiction.

9. Plaintiff alleges general jurisdiction without providing any factual basis for the assertion. In order to confer general jurisdiction, a defendant "must have a business presence in Texas." *Johnson v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 611 (5th Cir. 2008). General jurisdiction can be assessed by evaluating contacts of the defendant with the forum over a reasonable number of years, up to the date the suit was filed. *Access Telecomm., Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717 (5th Cir. 1999). The proper consideration when determining general jurisdiction is whether the defendant's "affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State." Monkton Ins. Servs. v. Ritter, 768 F.3d 429, 432 (5th Cir. 2014). (quoting *Daimier AG v. Bauman*, 134 S.Ct. 746, 187 L. Ed. 2d 624 (2014)). Here, the evidence is that Varriale has never resided in Texas, has been to Texas once for a few days, and has not performed business in Texas.

10. The Court lacks general jurisdiction because the Plaintiff has failed to plead facts which would show Varriale has continuous and systematic contacts with Texas. There is general or specific jurisdiction.

11. In the event that the Court determines that Plaintiff's claims against Defendant Varriale should not be dismissed, Defendant alternatively requests, under Rule 12(e) of the Federal Rules of Civil Procedure, a more definite statement setting forth Plaintiff's claims that the Court has jurisdiction over Defendant Varriale.  Rule 12(e) provides that '[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 514

(2002). A Rule 12(e) motion is appropriate when the Complaint is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Sefton v. Jew*, 204 F.R.D. 104, 106 (W.D. Tex. 2000).

12. Here, Plaintiff's jurisdictional arguments are simply that Varriale "worked full-time for the other defendant companies" and that "[b]ased on their general and specific contacts with the State of Texas, Defendants have personally availed themselves of the privilege of conducting activities within the State of Texas and have minimum contacts with the State of Texas." Doc. 9, ¶14, 15). If the Court deems that dismissal is not warranted, Plaintiff should at least have to allege with more detail how jurisdiction over Varriale is proper.

13. For the foregoing reasons, Defendant Danilo Varriale respectfully requests that the Court dismiss Plaintiff's Amended Complaint (Doc. 9) against him. In the alternative, Defendant respectfully request that the Court enter an order requiring a more definite statement regarding how this Court has jurisdiction over him

WHEREFORE, Defendant Danilo Varriale respectfully requests that this Court dismiss Plaintiff's case against him without prejudice, and for such other relief to which Defendant is entitled.

Date: November 11, 2022  Respectfully submitted,

_____
Carl 'Bo' Dawson
SBN 05599100
Southern District Number 16860
RYAN & DAWSON
770 South Post Oak Lane, Ste. 600
Houston, Texas 77056
Tel: (713) 960-1555
Fax: (713) 960-8497
Email: cdawson@rdlaw.com

5

*Attorney in Charge for Defendant
Danilo Varriale.*

## **CERTIFICATE OF SERVICE**

I, Carl Dawson, do hereby certify that service of this document in accordance with FRCP was accomplished by sending said document via ECF on November 11, 2022.

_____
Carl Dawson

S:\Shared Folders\HOUSTON\Varriale Danilo\Pleadings Motions\Varriale - 2022-11-11 - Motion to Dismiss.docx