UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **MICHAEL OAKES,**<br><br>*Plaintiff*,<br><br>v.<br><br>**JUST ONE DIME, LLC; JUST ONE DIME COACHING, LLC d/b/a DONE FOR YOU BY JUST ONE DIME; VERITUS TEXAS ONE, LLC, f/k/a VERITUS A SERIES OF EMBUE, LLC; ACTONICUS TEXAS ONE, LLC, f/k/a ACTONICUS A SERIES OF EMBUE, LLC; JOSIAH KNIEP; KIMBERLY KNIEP; DANILO VARRIALE; and TRAVIS S. KNIEP,**<br><br>*Defendant*. | **Civil Action No. 1:22-CV-01045-LY** |

## DEFENDANTS' MOTION TO COMPEL ARBITRATION

TO THIS HONORABLE COURT:

Defendants Just One Dime Coaching, LLC and Travis S. Kniep ("Defendants") file Defendants' Motion to Compel Arbitration and, in support thereof, respectfully shows the Court as follows:

### FACTS

On July 18, 2020, Plaintiff and Defendant Just One Dime Coaching, LLC (d/b/a Veritus a Series of Embue LLC) entered into a "Services Agreement" for the building, managing,

optimizing and scaling of an Amazon Store. *See* Doc. No. 1-4.[1] Section 13 of the Services Agreement binds Plaintiff, Michael Oakes (referred to as "Client" in the Agreement), and Defendants Just One Dime Coaching, LLC (referred to as "Company" in the Agreement) and Travis S. Kniep to arbitration in the event a dispute should arise between the parties:

> **13. DISPUTE RESOLUTION.** If the Parties dispute any term of this Agreement, they shall, without waiving any other rights or remedies available at law, initiate confidential mediation proceedings with a mediator acceptable to both Parties. The Parties will be allowed to attend remotely if unable to attend in person. If the Parties fail to resolve their disputes during mediation, the Parties shall initiate an arbitration to determine whether and the extent to which either Party has liability. The arbitration will be held in the State of Texas, applying the Commercial Arbitration rules of the American Arbitration Association. The parties will not submit written briefing or live testimony, and no record will be made of the hearing. The parties may submit documents and information necessary to the Arbitrator's determination, such as this Agreement, infringement contentions, and the complaint. Any award will be expressed as a percentage and will not contain any text other than the caption.

Doc. No. 1-4 at 4.

Plaintiff's Complaint alleges Defendants have been unable to identify economically viable products to launch an online store and has also failed to perform other undescribed items in the Services Agreement. The crux of the subject claim, as evidenced by the relief that Plaintiff seeks, is the Plaintiff's argument that Defendants breached the Services Agreement. By pursuing this claim, which depends upon the Services Agreement, the Plaintiff is seeking the benefit of the contractual provisions of the Services Agreement.

## ARGUMENT

The Court need not reach the merits of Plaintiff's petition. "A court shall order the parties to arbitrate on application of a party showing (1) an agreement to arbitrate; and (2) the opposing party's refusal to arbitrate." Tex. Civ. Prac. & Rem. Code § 171.021(a). More specifically,

---

[1] The parties signed two addenda to the Services Agreement on September 18, 2020 and March 29, 2021. Plaintiff filed the first addenda at Doc. No. 1-7. The second addenda is attached hereto as Exhibit A.

Defendant must establish that (1) a valid arbitration agreement exists and (2) the claims at issue are within the scope of the agreement. *In re D. Wilson Constr. Co.,* 196 S.W.3d 774, 780-81 (Tex. 2006).

Texas courts apply general principles of Texas contract law to determine the existence and validity of an arbitration agreement (*see D. Wilson Const.,* 196 S.W.3d at 781; *In re Palm Harbor Homes, Inc.,* 195 S.W.3d 672, 676 (Tex. 2006) (orig. proceeding)). Plaintiff and Defendants entered into a Services Agreement on or about July 18, 2020. Plaintiff does not dispute the validity of the Services Agreement. The Services Agreement contains a broad, mandatory dispute resolution provision in Section 13 of the Services Agreement, which expressly covers "any term of [the] Agreement." Plaintiff does not dispute the validity of Section 13 of the Services Agreement. While seemingly broad, Texas courts have considered these types of arbitration provisions "capable of expansive reach," noting that "the presumption of arbitrability is 'particularly applicable where the clause is broad.'" *Terrell v. Price,* No. 01-16-00376-CV, 2017 WL 2980166, at *5 (Tex. App. July 13, 2017). Plaintiff further agreed that the parties "shall initiate an arbitration to determine whether and the extent to which either [p]arty has liability." This language requiring arbitration plainly covers any disputes regarding liability under the Services Agreement. Section 13 of the Services Agreement is an appropriately valid, broad agreement to arbitrate.

Secondly, Plaintiff cannot legitimately dispute that the claims it attempts to have this Court adjudicate are squarely covered by the dispute resolution provision. The parties expressly agreed that disputes related to "any term of [the] Agreement" would indeed fall under this provision. All of the claims Plaintiff makes arise under the Services Agreement, and are related to performance under Exhibit A of the Services Agreement. Reviewing the paragraph long

3

complaint of the petition, Plaintiff refers to the Services Agreement four times. The plain language of Plaintiff's allegations directly references and is completely encompassed by the Services Agreement.

By filing this lawsuit, Plaintiff seeks to circumvent a mandatory arbitration clause and have the Court decide the ultimate issue of this dispute. Plaintiff was and is bound to submit this dispute for determination in accordance with the alternative dispute resolution procedure provided for in Section 13 of the Services Agreement. Because of the strong presumption in favor of arbitration, courts must resolve doubts about the arbitrability of claims in favor of arbitration. Accordingly, this Court must stay the proceeding pursuant to Tex. Civ. Prac. & Rem. Code § 171.025 as its claims are wholly subject to arbitration.

## CONCLUSION

Plaintiff broadly agreed to arbitrate all of the claims at issue here and now refuses to do so. In view of the compulsory nature of the procedure for resolution of disputes binding Plaintiff, Defendants respectfully request that this Court compel Plaintiff to proceed with the contractually agreed alternative dispute resolution process specified in Section 13 of the Services Agreement.

## PRAYER

For the foregoing reasons, Defendants respectfully request that the Court GRANT this Motion, and issue an Order: (1) compelling Plaintiff to arbitrate all of Plaintiff's claims against Defendants, (2) staying this suit pending further order from the Court, and (3) granting all other and further relief, whether at law or equity, to which Defendants may otherwise be entitled.

Respectfully submitted,

Dated: November 15, 2022            **SUSMAN GODFREY L.L.P.**

*/s/ J. Hoke Peacock III*
J. Hoke Peacock III
Texas Bar No. 15673980

1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: 713-651-9366
Fax: 713-654-6666
tpeacock@susmangodfrey.com

Krysta Pachman (pro hac vice)
California Bar No. 280951
1900 Avenue of the Stars, 14th Floor
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Fax: (310) 789-3150
kpachman@susmangodfrey.com

Counsel for Defendants

5

11098990v1/017565

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on all counsel of record by method indicated below on the 15th day of November 2022 in accordance with the Texas Rules of Civil Procedure.

via email
Rain Levy Minns
Rain Minns Law Firm
4412 Spicewood Springs Rd., Suite 500
Austin, TX 78759
rain@rainminnslaw.com

>   */s/ J. Hoke Peacock III*
>   J. Hoke Peacock III
>   Counsel for Defendants